UNITED STATES DISTRICT COURT
For The
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23723-MC-LENARD/O'SULLIVAN

PROCESS AMERICA, INC.,

      Plaintiff

vs.

CYNERGY HOLDINGS, LLC, JOHN DOES 1-10, RICHARD ROES INCORPORATED 1-10 (said JOHN DOES 1-10 and RICHARD ROES INCORPORATED 1-10 being fictitious Persons and/pr business entities, et. al.

      Defendants
_____/

## ORDER GOVERNING THE PROTECTION OF CONFIDENTIAL INFORMATION OF THE NON-PARTIES, CHARGE CARD SYSTEMS, INC. AND ALTERNATIVE MERCHANT PROCESSING, INC.

THIS CAUSE is before the Court upon Defendant Cynergy Holdings, LLC's ("Cynergy") Motion to Compel and Non-parties Charge Card Systems' ("CCS") and Alternative Merchant Processing, Inc.'s ("AMP") Objections to Subpoenas; and pursuant to the Court's instruction to the parties at the November 1, 2012 hearing on said motions to mutually craft a Confidentiality Order covering all production made pursuant to the Court's production Order at the same hearing. The Court having reviewed the mutually approved proposed Confidentiality Order, and being otherwise advised in the premises, it is hereby

    ORDERED AND ADJUDGED that:

    1.    The non-parties CCS and AMP may assert that certain documents in these proceedings contain proprietary information or other personal or private confidential information.

    2.    Pursuant to Rule 45(c)(3), Federal Rules of Civil Procedure, the parties in the above action shall be governed by the following guidelines regarding the production of confidential documents.

3. "Documents" shall mean all written, recorded, electronic or graphic matter or documents produced by CCS and AMP, and any portions of any documents produced in this action which quote from or summarize any of the foregoing documents.

4. "Confidential Documents" shall mean all documents designated and marked as "Confidential" by CCS and AMP.

5. No party to this action receiving Confidential Documents (the term "party," as used in this paragraph, includes a party's agents, consultants, experts, deponents, witnesses and attorneys) shall make use of any Confidential Document, or any information contained in a Confidential Document, for any purposes whatsoever other than the prosecution or defense of this action; nor shall any Confidential Document, or any information contained therein, be disclosed by any such party except as allowed in this Order. Counsel for the parties shall provide all agents, consultants, experts, deponents, and witnesses with a copy of this Order if they are shown ay Confidential Documents.

6. Except with the prior written consent of the party or Court, no Confidential Document produced (and no information contained in Confidential Documents produced) may be disclosed to any person other than the following:

(a) Counsel for any party in this action or persons regularly employed in the offices of such counsel.

(b) Any party in this action, and any past or present officers and employees of any party in this action.

(c) Persons who saw or had access to such Confidential Documents prior to adoption of this Agreement.

(d) Experts retained by the parties or potential witnesses with whom counsel for such parties determine it is necessary to confer in the prosecution or defense of any claim in this action.

(e) Persons noticed for depositions or designated as trial witnesses and their counsel to the extent deemed necessary by counsel for any of the parties in order to prepare such witnesses.

(f) Third parties employed by a party or its counsel in a litigation support capacity to review, organize, encode, copy or retrieve documents produced in this action.

(g) Deposition and trial court reporters, judges and jurors.

    (h) Any other person to whom CCS and AMP agree in writing.

  7. Within thirty (30) days of the conclusion of this action, all Confidential Documents and copies thereof in the possession or under the control of (i) any party or officer or employee thereof, (ii) counsel retained by such party, (iii) any retained expert, or (iv) other person described in Paragraph 5 of this Agreement shall be destroyed promptly or returned to counsel for the producing party.

  8. Nothing in this Order shall affect any privilege or right which CCS, AMP or any party might otherwise have against the discovery of any materials sought by any other party. Notwithstanding this Order, any CCS and AMP may move for an order imposing additional restrictions upon discovery of documents or other material including, but not limited to, an order that production thereof not be had.

  DONE AND ORDERED in Chambers at the United States District Courthouse in Miami, Florida, this 27 day of Nov, 2012.

                JOHN J. O'SULLIVAN
                UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel of record

3